IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**ANDREW GRIMM, PH.D.**
6825 West Eagles Road
Tony, WI 54563

      Plaintiff,                                        Case No.: 26-cv-129

v.                                                        **JURY TRIAL DEMANDED**

**SCHOOL DISTRICT OF WINTER**
6585 West Grove Street
Winter, WI 54896

**BOARD OF EDUCATION**
**OF THE SCHOOL DISTRICT OF WINTER**
6585 West Grove Street
Winter, WI 54896

**MIKE KINSLEY**, individually and in his official capacity as
President of the Board of Education of the School District of Winter
6585 West Grove Street
Winter, WI 54896

**ANDREW WINIARCZYK**, individually and in his official capacity as
Vice President of the Board of Education of the School District of Winter
6585 West Grove Street
Winter, WI 54896

**DONNA KNUCKEY**, individually and in her official capacity as
Treasurer of the Board of Education of the School District of Winter
6585 West Grove Street
Winter, WI 54896

**JOSEPH BODO**, individually and in his official capacity as
Clerk of the Board of Education of the School District of Winter
6585 West Grove Street
Winter, WI 54896

**RUTH BRAD**, individually and in her official capacity as
Member of the Board of Education of the School District of Winter
6585 West Grove Street
Winter, WI 54896

**CARRIE ROBERTS**, individually and in her official capacity as
Member of the Board of Education of the School District of Winter
6585 West Grove Street
Winter, WI 54896

and

**GREG RIPCZINSKI**, individually and in his official capacity as
Member of the Board of Education of the School District of Winter
6585 West Grove Street
Winter, WI 54896

       Defendants.

## COMPLAINT

Plaintiff, Andrew Grimm, Ph.D., through his attorneys, Hawks Quindel, S.C., by Colin B. Good and John M. Chick, for his Complaint against the above named Defendants, states and alleges as follows:

### NATURE OF ACTION

1. Plaintiff, Andrew Grimm, Ph.D. ("Dr. Grimm"), brings this action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C., § 2601, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* ("Rehabilitation Act"), and Wis. Stat. § 118.24, to correct unlawful employment practices and to provide appropriate relief where he was adversely affected by such practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Dr. Grimm's claims brought pursuant to Wis. Stat. § 118.24 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 12117(a), 2000e-5(f)(3) because the acts or omissions giving rise to these claims were directed at Plaintiff while he was working and residing in the Western District of Wisconsin.

## PARTIES

5. Dr. Grimm is an adult resident of Rusk County, Wisconsin and has been employed by the School District of Winter and/or the Board of Education of the School District of Winter as its Superintendent at all times relevant to this Complaint. The terms of his employment are governed by Wisconsin Statute ("Wis. Stat.") Chapter 118.

6. Defendant, School District of Winter ("the District"), is a school district created by and subject to suit under Wis. Stat. Chapter 118.

7. Because Defendant, the District, receives federal funding, it is subject to the requirements of the Rehabilitation Act.

8. Defendant, Board of Education of the School District of Winter ("the Board"), is the governing body of the School District of Winter. It is organized and operated pursuant to Wis. Stat. Chapter 120. At all times relevant hereto, the Board of Education employed Dr. Grimm as its Superintendent.

9. Defendant, Mike Kinsley ("Mr. Kinsley"), is an adult resident of the State of Wisconsin. At all times relevant to this Complaint, Mr. Kinsley was the President of the Board of Education of the School District of Winter.

10. Defendant, Andrew Winiarczyk ("Mr. Winiarczyk"), is an adult resident of the State of Wisconsin. At all times relevant to this Complaint, Mr. Winiarczyk was the Vice President of the Board of Education of the School District of Winter.

11. Defendant, Donna Knuckey ("Ms. Knuckey"), is an adult resident of the State of Wisconsin. At all times relevant to this Complaint, Ms. Knuckey was the Treasurer of the Board of Education of the School District of Winter.

12. Defendant, Joseph Bodo ("Mr. Bodo"), is an adult resident of the State of Wisconsin. At all times relevant to this Complaint, Mr. Bodo was the Clerk of the Board of Education of the School District of Winter.

13. Defendant, Ruth Brad ("Ms. Brad"), is an adult resident of the State of Wisconsin. At all times relevant to this Complaint, Ms. Brad was a Member of the Board of Education of the School District of Winter.

14. Defendant, Carrie Roberts ("Ms. Roberts"), is an adult resident of the State of Wisconsin. At all times relevant to this Complaint, Ms. Roberts was a Member of the Board of Education of the School District of Winter.

15. Defendant, Greg Ripczinski ("Mr. Ripczinski"), is an adult resident of the State of Wisconsin. At all times relevant to this Complaint, Mr. Ripczinski was a Member of the Board of Education of the School District of Winter.

## FACTUAL ALLEGATIONS

16. In or around February or March, 2024, Dr. Grimm's physician found a large mass in his neck and referred him to a specialist.

17. After further testing, on or about May 6, 2024, Dr. Pao Vang, M.D., diagnosed Dr. Grimm with papillary thyroid cancer and Dr. Grimm began an aggressive course of treatment.

18. Dr. Grimm had surgery on May 21, 2024. Due to some complications related to the surgery, he was unable to speak for nearly two (2) months. He initially requested vacation time for recovery, which the Board granted.

19. Dr. Grimm returned to work on or around July 5, 2024.

20. Around the same time, in early July 2024, Dr. Grimm's providers discovered a re-emergence of his cancer. He again took accrued vacation time for treatment and recovery.

21. In September 2024, Dr. Grimm first formally requested medical leave pursuant to his rights under the federal FMLA. The District, through its Human Resources Manager, Kelly Loser, advised Dr. Grimm to back-date his request to June 2024.

22. On Ms. Loser's advice, Dr. Grimm did so, and submitted medical documentation from Dr. Eric Moore, M.D., and Dr. Scott Bormann, D.O., substantiating his need for medical leave.

23. Dr. Grimm underwent surgery for his cancer at the Mayo Clinic in Rochester, Minnesota, on October 10, 2024.

24. Although Dr. Grimm struggled with pain and other symptoms, his primary care provider, Dr. Bormann, permitted him to return to part-time work in a limited capacity with the District until December 13, 2024.

25. Despite his provider permitting only part-time work, the District forced Dr. Grimm to work in excess of full-time hours because it failed and refused to provide him with any support or assistance.

26. Because Dr. Grimm was forced to work greater than full time hours during this period, he was unable to fully utilize the FMLA leave to which he was entitled.

27. When Dr. Grimm raised this issue to the Board during a closed session on or around November 18, 2024, Board members told Dr. Grimm to "figure it out."

28. Upon information and belief, the Board Member that told Dr. Grimm to "figure it out" was Defendant, Andrew Winiarczyk.

29. In December 2024, the Board gave Dr. Grimm a negative performance evaluation despite his medical leave absences and repeated requests for assistance while he underwent treatment for cancer.

30. At least one (1) of the issues raised in Dr. Grimm's negative performance evaluation involved events that occurred while Dr. Grimm was fully absent from work while on his approved medical leave.

31. Dr. Grimm inquired about an extension of his employment contract during the December 2024 performance evaluation meeting.

32. The Board responded that it would extend Dr. Grimm's employment by one (1) year as permitted by his employment contract.

33. In doing so, Board President Mike Kinsley assured Dr. Grimm not to worry as the Board would extend his contract; then-Board Vice President Andrew Winiarczyk told Dr. Grimm that the Board would "re-evaluate in June [2025] about switching to a two-year contract" after seeing "how things go."

34. On January 30, 2025, Dr. Grimm texted Mr. Kinsley informing him that he would need to be absent from work, on medical leave, from February 17, 2025 through February 28, 2025 for radiation treatment.

35. Dr. Grimm gave the Board regular updates on his treatment and availability for work both at regular points in time and in response to specific requests.

36. On January 31, 2025, Mr. Kinsley verbally notified Dr. Grimm that the District intended to non-renew his employment contract.

37. On February 5, 2025, Dr. Grimm received an unsigned letter from Board President Mike Kinsley, purporting to be a Preliminary Notice of Consideration of Nonrenewal of his employment contract. The letter was sent and received via U.S. certified mail.

38. On February 27, 2025, Dr. Grimm was served with correspondence signed by Board President Mike Kinsley informing Dr. Grimm that the Board voted to not renew his employment contract beyond June 30, 2025.

### PLAINTIFF'S FIRST CAUSE OF ACTION: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2615(a)(1).

39. Plaintiff realleges and incorporates herein by reference the above numbered paragraphs.

40. Dr. Grimm's cancer is a chronic illness that involves continuing treatment by a healthcare provider.

41. As such, it is a serious health condition within the meaning of the federal FMLA.

42. Dr. Grimm requested and utilized medical leave for his cancer treatment pursuant to the federal FMLA in 2024 and 2025.

43. The District, through its Board, negatively evaluated and attempted to not renew Dr. Grimm's employment contract based, at least in part, on animus toward Dr. Grimm due to his use of medical leave.

44. By taking adverse action against Dr. Grimm, the District, through its Board, has interfered with Dr. Grimm's exercise of his rights under the federal FMLA and has retaliated against Dr. Grimm for his use of FMLA approved medical leave.

### PLAINTIFF'S SECOND CAUSE OF ACTION: VIOLATION OF WIS. STAT. §118.24.

45. Plaintiff realleges and incorporates herein by reference the above numbered paragraphs.

46. Wisconsin law requires school districts to comply with specified statutory procedures to its school administrators.

47. In particular, the law requires that a school board give an administrator "preliminary notice in writing by registered mail at least 5 months prior to the expiration" of the contract that the board intends to non-renew. Wis. Stat. § 118.24(7).

48. The District failed to provide Dr. Grimm with proper preliminary notice of non-renewal of his employment contract when it failed to serve notice by registered mail no later than five (5) months prior to the termination of Dr. Grimm's contract. Five (5) months prior to June 30, 2025 is January 30, 2025; therefore, the District's January 31, 2025 correspondence was improperly served one (1) day past the deadline.

49. Additionally, the Board improperly sent the late notice by certified mail, rather than by registered mail as required by the statute.

50. The District's communicated intent to terminate Dr. Grimm's employment contract is an anticipatory breach of contract in that it failed to follow statutory timelines and service requirements.

## PLAINTIFF'S THIRD CAUSE OF ACTION:
### DISPARATE TREATMENT UNDER THE REHABILITAION ACT
### § 504, 29 U.S.C. § 794.

51. Plaintiff realleges and incorporates herein by reference the above-numbered paragraphs.

52. In acting as described above, the District terminated Dr. Grimm because of his disabilities.

53. As a direct and proximate result of the District's disparate treatment, Dr. Grimm has suffered and continues to suffer economic damages, including lost wages, such as back pay and lost future earnings, and compensatory damages, such as emotional distress, stress, pain, suffering and humiliation, as well as other pecuniary and non-pecuniary losses.

54. The District's conduct was undertaken with malice and in reckless disregard to the rights of Dr. Grimm under the Rehabilitation Act.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff demands judgment against Defendants and prays for the following relief:

A. Damages equal to the wages, salary, employment benefits, and other compensation lost as a result of Defendants' wrongful conduct in an amount to be determined at Trial;

B. Liquidated damages in an amount equal to all lost wages, salary, employment benefits, and other compensation lost as a result of Defendants' wrongful conduct in the amount proven at Trial;

C. Compensatory damages in an amount to be determined at Trial;

D. Reinstatement as an employee of Defendants in a similar position with similar pay and benefits to that from which he was wrongfully terminated;

E. Costs in this action, including reasonable attorneys' fees, litigation expenses, and costs; and

F. Such other legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 19th day of February, 2026

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Andrew Grimm, Ph.D.*


By: *s/ Colin B. Good*
Colin B. Good, State Bar No.: 1061355
Email: cgood@hq-law.com
John M. Chick, State Bar No.: 1126590
Email: jchick@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236